IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>MARY C. ERICKSON, Custer Gallatin National Forest Supervisor, LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, THOMAS L. TIDWELL, Chief of the U.S. Forest Service, an agency of the Department of Agriculture, and the U.S. FISH & WILDLIFE SERVICE, an agency of the Department of the Interior,<br><br>Defendants. | CV 17–53–M–DWM<br><br>ORDER |

Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies (collectively "Native Ecosystems Council") have moved for an injunction pending appeal, (Doc. 51), of the Court's August 1, 2018, order granting the Forest Service Defendants' Motion for Summary Judgment, (Doc. 25). Native Ecosystems Council asks the Court to enjoin the Forest Service's Smith Shields Forest Health Project ("Project") in the Crazy Mountains near Wilsall, Montana. Native Ecosystems Council's motion is denied.

1

**LEGAL STANDARD**

A motion for an injunction pending appeal is considered under the same standard as a motion for a preliminary injunction. *See Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking an injunction must show (1) a likelihood of success on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The last two factors merge when the federal government is the opposing party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

A party seeking an injunction "must establish that irreparable harm is *likely*, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The other factors are then assessed on a sliding scale. *Id.* at 1135. For example, when the "balance of hardships tips sharply in the plaintiff's favor," an injunction may issue on a showing of only "serious questions going to the merits," and not the stricter showing of "likelihood of success on the merits." *Id.* at 1134–35.

**ANALYSIS**

I. **Native Ecosystems Council Has Not Shown a Likelihood of Success on the Merits.**

Native Ecosystems Council contends that it is likely to succeed on the merits because the Project will not maximize the retention of old-growth and large trees

2

as required by the Healthy Forests Restoration Act ("HFRA"). However, as the Court more fully explained in its previous order, (Doc. 47), the Project complies with HFRA.

HFRA calls for the exercise of Forest Service expertise in determining how to maximize old-growth retention "as appropriate for the forest type," 16 U.S.C. § 6591b(b)(1)(A), and the administrative record supplies a reasoned basis for the Forest Service's determination here. *See Motor Vehicle Mfs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). First, the Forest Service has identified units in the Project area with possible old growth and has not proposed any harvest or treatment in old growth or potential old growth stands. (Doc. 47 at 48; SmithShields 001185.) Further, the Forest Service's Decision Memo comports with HFRA's requirements. (Doc. 47 at 48; SmithShields 014434.)

To support its claim that the Project does not comply with HFRA, Native Ecosystems Council relies on a map from 2006 and asks the Court to take "judicial notice of the logical proposition that old growth habitat does not become *less old* with the passage of time." (Doc. 52 at 9.) However, the map is not part of the record and does not fit within the narrow circumstances permitting extra-record evidence. *See Fence Creek Cattle Co. v. U.S. Forest Service*, 602 F.3d 1125, 1131 (9th Cir. 2010). The Court denied Native Ecosystems Council's motion to supplement the record on these grounds. (Doc. 47 at 20.) Further, Native

Ecosystems Council is incorrect that old growth habitat never becomes less old—old growth habitat becomes less old if it is destroyed by fire or disease.

Native Ecosystems Council also contends that it is likely to succeed on the merits because the Forest Service did not adequately consider elk hiding cover when evaluating elk security areas in the Project. However, as the Court more fully explained in its previous order, (Doc. 47), the Forest Service did analyze the Project in part based on hiding cover. SmithShields 002616-2617. Unlike Native Ecosystems Council's contention, hiding cover is only one of several factors that may contribute to elk security, and the Forest Service took the requisite hard look. (*See* Doc. 47 at 41.)

Native Ecosystems Council has not shown a likelihood of success, nor has it made the lesser showing that serious questions exist, as to the Project's compliance with HFRA or the Forest Service's treatment of elk hiding cover.

## II. Native Ecosystems Council Has Not Shown that Irreparable Harm is Likely.

Native Ecosystems Council contends that irreparable harm is likely absent an injunction because the "potential clearcutting" of old-growth will render it unable to "view, experience and utilize the areas in their undisturbed state." (Doc. 52 at 12–13.) However, Native Ecosystems Council offers no evidence that such clearcutting will occur, never mind that it is likely. Accordingly, Native Ecosystems Council has not shown a likelihood of irreparable harm.

4

### III. Native Ecosystems Council Has Not Shown that the Balance of Equities and Public Interest Favor an Injunction.

Native Ecosystems Council contends that HFRA's mandate to maximize old growth shows that "Congress itself has acknowledged the public's interest in the protection of old growth" and that "the public has a long-recognized interest in securing adequate levels of elk habitat on [sic] our national forests here in Montana." (Doc. 52 at 12.) Native Ecosystems Council offers no other support for the balance of equities and public interest. Such conclusory statements do not sustain Native Ecosystems Council's burden here, even considering that these factors merge when the federal government is the opposing party. *See Drakes Bay Oyster Co.*, 747 F.3d at 1092.

### CONCLUSION

Because Native Ecosystems Council has not made the requisite showings to obtain an injunction pending appeal,

IT IS ORDERED that the motion for an injunction pending appeal (Doc. 51) is DENIED.

DATED this 27th day of September, 2018.

Donald W. Molloy, District Judge
United States District Court

5